# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARY ELIZABETH JORDAN FLICKINGER, individually and as Parent and Natural Guardian of D.J.F., a minor, and J.B.F., a minor, et al, | NO. 3:10-CV-0107 |
| Plaintiffs, | (JUDGE CAPUTO) |
| v. | |
| TOYS "R" US, INC, et al., | |
| Defendants. | |

## MEMORANDUM ORDER

Presently before the Court is the Complaint of Plaintiffs Mary Elizabeth Jordan Flickinger and James Bradley Flickinger. (Doc. 1.) Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte. Meritcare Inc. v. St. Paul Mercury Ins. Co.,* 166 F.3d 214, 217 (3d Cir. 1999).

Plaintiff alleges that this Court's basis for jurisdiction is diversity of citizenship pursuant to 28 U.S.C. § 1332. Section 1332(a)(1) gives district courts original jurisdiction to hear cases where the matter in controversy exceeds the value of seventy-five thousand dollars ($75,000) and is between citizens of different states. "It is . . . well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived." *Thomas v. Bd. of Trs.*, 195 U.S. 207, 211 (1904). Moreover, "[w]hen the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of

the merits." *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977); *see also* FED R. CIV. P. 12(h)(3) (a court must dismiss an action if it lacks subject matter jurisdiction).

Section 1332(c)(1) requires that a corporation's citizenship be alleged by stating the company's state of incorporation and its principal place of business. For diversity purposes, a corporation can only have one principal place of business. *Campbell v. Associated Press*, 223 F. Supp. 151, 153-154 (E.D. Pa. 1963).

Plaintiff's Complaint alleges that Defendant Toys "R" Us-Delaware, Inc. has a principal place of business in both New Jersey and Pennsylvania. (Compl. ¶¶ 11-12.) Even ignoring the fact that a principal place of business in Pennsylvania would destroy diversity jurisdiction, the Complaint improperly pleads multiple principal places of business for Defendant Toy "R" Us-Delaware, Inc. *See Campbell*, 223 F. Supp. At 153-54.

Because the citizenship is improperly alleged for certain Defendants, the Court will dismiss the Complaint without prejudice for lack of subject matter jurisdiction pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure.

**NOW**, this 27th day of January, 2010, **IT IS HEREBY ORDERED THAT** Plaintiff's Complaint is **DISMISSED without prejudice**. The Clerk of the Court shall mark this case **CLOSED.**

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge
